Next up today we have Fernandez v. United States and we will wait to proceed until the courtroom is cleared and the attorneys have had an opportunity to settle themselves at the tables. All right, Mr. McDonald whenever you're ready. Thank you, Your Honor, may it please the court, Ian McDonald on behalf of the appellant Luis Fernandez. There's no question that Mr. Fernandez is serving a 300 month sentence for something that is indisputably not a crime. Congress has not authorized courts to convict or sentence Mr. Fernandez on this 924c offense. Can I ask you a quick question just to sort of set the stage procedurally in my mind? There seems to be arguably a disjunction between the COA and the motion to file the second or successive. The COA states what on its face seems like a straight statutory question which wouldn't even be a proper COA. Is it your contention that we need to understand the COA in light of the arguments being made and permitted in the second or successive? So this is really a Davis claim being aided by a Taylor argument in essence? I think that's exactly right, Your Honor, and the COA says whether the district court erred in determining that attempted Hobbs Act robbery is a valid 924c predicate. And what gets us in the door on the 2255 second or successive is Davis. Because you don't deny that just on its face that's at least arguably not even something subject to a COA. I don't disagree with that, Your Honor. We're here because of the new constitutional rule announced in Davis that was made retroactive. And that was invalidating the residual clause. And that's why when you look at Taylor and Brown, those are dispositive of this case. The Supreme Court, they said Congress has not authorized a conviction or sentence on this offense. It's a jurisdictional question. It's a non-offense. Does the whole thing in your mind sort of boil down to whether Brown 2019 and Taylor 2022 control the conspiracy and attempt charges for purposes of this 924c? Whether we can, in effect, look sort of whether those cases relate back, that's my own clumsy terminology, right, to a preexisting conviction? Because if they do, it seems like you're in great shape. If they don't, it seems like you're in terrible shape. And then the question really is about whether sort of the Beeman analysis applies in 924c. Is that it? I think that's right, Your Honor. And it's sort of putting a square peg in a round hole a little bit. I understand that the court's question. I've been struggling with that issue. And yes, that's right. Taylor and Brown control here. I think the question is here in an ACCA context. It's did those predicates support an enhanced ACCA sentence? Here it's in light of Davis, in light of that new rule, does the 924c offense here still constitute a crime? And Taylor and Brown answer that question for the court. You look at the Taylor case. You look at the Brown case. They didn't go into this historical Beeman-type analysis. They determined that the 924c conviction was not supported by a valid predicate under the elements clause. They did the categorical approach, and they immediately vacated that conviction. Did we answer what Judge Newsom called the relation back question in Hamoud? Hamoud was granted a leave to file second successive petition. I know what the procedural posture of Hamoud is, but my question is did Hamoud decide the question of what the district court needed to do when it did look to the second or successive on whether this was what I'll call a historical fact or a state of the law at the time of the conviction and sentence, or as you've posited to us that it's looked at from today's date? I don't think it answered that question directly, Your Honor. Your Honor, it said that the movement bears the burden of showing that he's actually entitled to relief on the Davis claim, meaning he will have to show that his conviction resulted solely from the application of the residual clause. Well, it's resulted from application of solely the residual clause, not the greatest sentence in the world. But resulted from is interesting because something can't result from what happened today, right? It's impossible. It can only result from what happened at the time, right? I think it's a little different than that, Your Honor, because— Well, can you answer my—I know you disagree with the ultimate conclusion, but my question is if in regular English speak, if this results from something, it has to result from at the time it happened. It can't result from something that happened 10 years later, right? I think that's where the Rivers case that we cite, the Supreme Court case cited in the brief, comes into play. And Rivers basically, the Supreme Court says, when the Supreme Court interprets a statute, that is the authoritative—it's an authoritative statement of what that statute means, what it means now and what it's always meant. So Hobbs Act robbery and Hobbs Act conspiracy, they never had an element of force. They never had that element. So the only basis that the conviction could have rested on would have been the residual clause. And here— What we ask, as I understand, and this goes to the Beeman question, and I will concede that Beeman is not necessarily the best fit, but that seems to be what we're stuck with. And so the Beeman question is sort of a gateway question of was there, in fact, this error? And then the question we ask under Grandi is, is the error one where, under Brecht, there's a more likely than not or some sort of reasonable basis to conclude that the residual clause was considered or not considered? So we have to ask the gateway question first, and that doesn't seem to be what you're discussing with Rivers in terms of what the state of the law generally is. The simple question is, to see if there's error at all, to get to there, we have to ask whether there was an error at the time of conviction and sentence, right? I think, Your Honor, you mentioned the Grandi case, and I think there the court determined there was error, and then they applied procedural default and harmlessness. The error there was that the jury was permitted to—may have convicted on a constitutionally invalid predicate, i.e., Hobbs Act conspiracy, just like we have here. The difference there is that you still had indisputably valid predicates, the drug trafficking convictions, that are untouched by Davis. The residual clause invalidation didn't affect that. That's why the court then didn't give relief in Grandi because of procedural default. Here we don't have it. Sorry, Grandi didn't ask the Beamon question. We are faced with the Beamon question. And so as I understand it, in Beamon, whether it's a Johnson claim or Beamon, whether it's a Davis claim, we have to answer that question first, and then we get to the analysis that Grandi laid out, right? I think that this case is different because it's jurisdictional. Grandi was not. There were still valid bases that gave the court jurisdiction. So I want to ask about the jurisdictional part. So as I understand—and I need you to correct me if I'm wrong—as I understand it, the jurisdictional question is focused on the indictment. What we've said is for a court, whether it has subject matter jurisdiction or not, is whether the indictment sets out an offense against the United States. Do I have that right? I think that it is—well, the indictment consisted solely of conduct that, as a matter of law, is outside the charge of the sweeping—the charging statute in 924C here. So the problem there is that it charged in the alternative crime of violence or drug trafficking crime. And while it's absolutely true that your client was not convicted of the underlying drug trafficking crimes, the drug trafficking predicate there was a valid predicate. And so why doesn't that establish the jurisdictional aspect? I think the jury's acquittal on those predicates— But we don't judge it from the time—like, if that's how we did it, then every single time a defendant was acquitted, that would mean that there was no jurisdiction in the underlying indictment. And I don't see how that could be right. I think there's no jurisdiction to convict or sentence. Here, with the jury acquitting, in order to convict and sentence, there's a separation of powers issue. But those are different things. So I think what Judge Rosenbaum is asking, the premise of her question is exactly right, which is there's jurisdiction, and then the quote that you keep hounding at from Taylor is the authorization to sentence. Those are different things. One does not deal with jurisdiction. One deals with legal authorization to do something. The other deals with, do we even have subject matter jurisdiction to be talking about this very thing? And those seem to be very separate, and one deals with what the indictment says, and one deals with what the state of the law is at the time now. Understood, Your Honor. So perhaps I'm looking at it a little bit through the wrong prism in that respect. Taylor made it clear in the exact same context, directly on point, that when there is no valid predicate that still supports an I-24C conviction, the sentence is invalid and must be vacated. Brown said the same thing. That's what the binding precedents say. It's different than ACCA. They don't apply the- I'm not sure that's what Taylor said. Taylor, look at the bottom line, like literally the bottom line of Taylor. Taylor answered a very narrow question, that is, is attempted Hobbs Act robbery a valid predicate? The answer, no. We affirm the Fourth Circuit. That's it. I mean, it didn't vacate the conviction. It didn't say go back and do this. It just said we affirm the Fourth Circuit. We've answered the legal question. Well, Brown gave a little more granular detail. It said because Count 5, I-24C, was predicated solely upon that count, Hobbs Act conspiracy, Brown's conviction for Count 5 is invalid and must be vacated. So Brown answered the question in more detail, Your Honor. I see I'm over my time. If there are no further questions, I'll reserve the rest of my time for rebuttal. Thank you, Mr. McDonald. You've reserved five minutes. Thank you, Your Honor. We'll hear from Mr. Wu. Good morning. May it please the Court, Jason Wu on behalf of the United States.  And it may be helpful for me to break that down into three components that can guide our thinking. So the first component or sub-question is does a Davis claimant bear a burden of showing that they were convicted under solely the residual clause? Can I ask just a – before you get into it, is this hard, this issue? Do we agree that this is tough stuff? We're here at oral argument, so I'll admit it's that hard. But I think it's actually a relatively easy question and decided by this question. In other words, you think there's a right answer, but it's not – this isn't like a slam dunk one way or another, right? It is not a slam dunk, sure. However, it happens to be decided by this court's precedent. I'll say it's not a slam dunk because other courts have done it. I only ask those predicate questions for – it seems to me that a brief that's really two pages long in the argument section doesn't seem to give credit to an issue that seems to be kind of difficult. I appreciate the concern, Judge Locke. What I will say is what we tried to point out in that brief is that the petitioner or the movant bears a burden. We, of course, don't have an obligation to lay out in great detail how they're going to meet that burden. The government doesn't even address the jurisdictional argument. I mean, again, whether it's right or wrong is – I'm not pointing out right now. But how do you – they make a clear jurisdictional argument. It was the argument we just talked about towards the end of the opposing counsel's oral argument. How do you not even address that? Our view was that the Beeman issue actually precedes the jurisdictional question. How can that possibly be true? I mean – So let me draw an analytical distinction. In these 2255 motions, the jurisdictional question actually goes primarily to whether the procedural default defense can apply because, of course, a jurisdictional claim which cannot be waived or forfeited is not subject to procedural default. That's kind of the grand analysis that you, Judge Locke, were just discussing. And as you yourself noted, the grand analysis actually comes after this initial gateway question. Beeman is a question about whether you even can get through the 2255H2 gateway. No, but it would have been an alleged offense at the time. And I think here it does. But if it doesn't allege an offense, we don't get to any of it. There's no subject matter jurisdiction to even decide any of this. The conviction simply has to be vacated. I disagree with that, Your Honor, in a limited form. So what I will say is I agree that's a very fundamental type of claim. But Congress, when it passed AEDPA, and when it in particular placed stringent limitations on second and successive 2255 motions, did not say that any jurisdictional claim can be the subject of a second or successive 2255 motion. For better or worse, Congress placed the limits in 2255H2, limiting it to newly discovered evidence in subsection or subparagraph 1 and a new rule of constitutional law in subsection 2. And so as a result, it's not the case that you can bring every jurisdictional claim, even though we can acknowledge that's a pretty important error. We've allowed the same sort of jurisdictional claim in quorum nobis. So even if for some reason 2255 didn't allow it, quorum nobis would allow it. In other words, if it truly does not allege an offense, the courts are not closed to you, and we would have to decide that. And one way or another, this conversation that you and I are having seems to be something that would have been really helpful if it was presented in a brief to a court. I acknowledge that. So I apologize for the oversight. We should have addressed it in this brief. It happens to be in this case, as Judge Rosenbaum and you have pointed out, that the jurisdictional issue really doesn't apply here, given the nature of this indictment. So I agree with the premise of the court's questions on that front, especially the fact that the drug trafficking predicates, as alleged in this indictment, always confer jurisdiction over the criminal matter, since it alleged an offense against the United States. But I acknowledge that, and so I apologize for not briefing that. But turning back to the Beeman question, which ends up being decisive in this case, first component, is there a burden on the part of a Davis claimant? I don't think anybody really disputes that there is, right? Okay, so second component. Second component, is it a historical inquiry or one that rests on present-day law? And I would submit that's also answered by this court's precedents, because the way the inquiry is described in Inri Hamoud and Alvarado Linares necessarily, as Judge Luck noted, implies it's a historical inquiry because you're looking at whether an error occurred in the past. Here, namely, in 2009, when Mr. Fernandez was convicted of his 924 C.K. In Brown, the issue was not presented because the parties did not litigate Beeman at all, so I would say it kind of lurked in the record in Brown, but you can't draw an inference one way or another. Okay, so what about Alvarado? I have to say, Alvarado is odd. So we seem to say, this is the test. We then say, here's how you can sometimes do it this way or you can sometimes do it that way. Both seem to be related back, to use the terminology that we've been talking about. But then it goes on to say, neither party has made that distinction, and so we're just going to go with it as the parties have litigated it. In other words, we take the ball as it lies, and we'll decide it based on that. If Beeman, if it truly was a Beeman inquiry for a historical analysis, and the burden truly laid with the defendant there, and if the defendant, petitioner, did not meet his burden to show the historical analysis, then why isn't Alvarado a very simple case to say, you didn't make a distinction between past and present? There's no indication one way or another. That's how we decide it. Again, I think it relates to party presentation, as you suggested, and as the panel explicitly said in Alvarado, because the parties presented squarely the merits question of whether that Vicar murder charge still remained a crime of violence, the court chose to decide it on the terms that the parties argued it. And it was the government's choice to not argue a historical analysis because the government was confident and vindicated by the opinion in that case in arguing that the Vicar murder remained a crime of violence, even under present law. So that was a party presentation choice in that matter. I do also want to address on this front the Taylor decision, which my friend on the other side brought up and which the panel questioned about. As you said, Judge Luck, the important thing to recognize there is that the Supreme Court reviews questions. It does not review entire cases. The Supreme Court granted certiorari on the narrow merits question of statutory interpretation of whether attempted Hobbs Act robbery satisfied the crime of violence definition. It did not, in accepting certiorari on the case, somehow bless every procedural step that that case took on the way to reaching the Supreme Court. And that's significant because in the Fourth Circuit, unlike this circuit, there has never been a Beeman rule in place, even for ACCA cases. The Fourth Circuit rejected that in a case called Winston back in 2016 or 2017, and so that's why Beeman has never even been a shadow on the wall in the 924C cases coming out of that circuit. Can I ask you a question? It's maybe not relevant at all, but I would appreciate an answer to it. Assume for the moment that we have never said a word about whether the Beeman analysis or the Beeman line of cases would apply to 924C. Should it? Yes, it should, Your Honor, and here's why. It really boils down to 2255H2 and the gatekeeping function of that statute. So to pass through 2255H2 in a second or successive motion, the petitioner, the movant, comes to court and says, I have a Davis claim. So they have to back up that promise by showing you that they indeed have a Davis claim, which means they were indeed convicted under the unconstitutional residual clause. They cannot come in the guise of a Davis claim, and then as soon as they get through the initial SOS order, change and say, actually, it's really more of a Taylor claim. It seems to be the order. It seems to be a lot of Beeman is sort of putting where burdens lie, both as a matter of statute and just as a matter of sort of sorting things out in a coherent way. But if we're doing that, it makes a lot of sense when a judge is sentencing, which is the case in the ACCA context, and it's a lot harder to do, it would seem to me, to make this historical analysis that we're required to do when we're talking about what a jury actually did. And that's what it has to be in a jury trial situation. I'm glad you asked that because I actually disagree with that. What we have at issue here is a question of an implicit legal finding by the district court of when it convicted, when it finally entered judgment and conviction against Mr. Fernandez, did it rely on the elements clause or the residual clause? That is not a factual question that's ever left the jury in 924C cases. You'll know that because if you go back to the jury instruction in this case, which is criminal docket 533, the jury is never given any instructions defining the elements clause, defining the residual clause. They're never asked to make a finding on that front, and they are never asked to do so in any 924C prosecution. Is that the problem then? I mean, how can we say that unlike an enhancement where there's an emission of guilt and where the prior convictions under Elemendez-Torres don't have to be proven, you're in a very different situation than you are in a 924C when you're talking about a substantive offense. How can we say, how can we aggregate it to such that the judge is actually making the finding of which part of the clause or the statute is actually being, is actually the basis for the conviction where the jury isn't doing so? That seems very odd to me. So what I'll say is that it's because it's a pure legal question of statutory interpretation. It's a question of do the charge predicates fit with the 924C requirement of having a crime of violence? That's only a legal question. And so the way it would be addressed nowadays, now that we have the knowledge of Taylor and Davis and these other cases, is if we charged, if we tried to charge an attempted Hobbs Act robbery plus 924C today, the defendant would bring a motion to dismiss, saying on the face of the indictment this is legally insufficient, the judge can strike that count as a pure legal matter. But maybe I'm not thinking about this the right way, but if it's solely a question of statutory interpretation, then doesn't that sort of play into the hands of your opponent when he says, look, 924C is a different thing because this is, he would say, a straight question of statutory interpretation. And he would cite Rivers and he would say, Rivers and its progeny say, once the Supreme Court says in Taylor and this court says in Brown that conspiracy and attempt don't qualify, they've never qualified, ever. Let me draw a distinction. So the Beeman test is a historical test, again, at the threshold 2255H. But I guess the question I'm asking you is back to Judge Luck's question, fine, but does Beeman fit 924C, where 924C is its own substantive federal offense, right? It's a present tense determination and sort of as supplemented by Rivers and its progeny, the relation back principle applies. So this is not only not an offense now, it never has been an offense. It does apply in the sense that these statutes, they come from a sort of a unique family of what I would call violence enhancement statutes, where they always offered courts different legal alternatives to reach the viability of either a count in the 924C context or a sentencing enhancement in the ACCA context. And that always requires an implicit legal determination by the district judge made at the time of essentially sentencing and entering judgment on those counts or sentences. How do you lump those together? I understand that intellectually it sort of is lumped together and a lot of these cases are in the same line of cases, but I don't see how you can lump together an enhancement, which, again, comes with some very different things and proof issues to a substantive offense, which can only be found by a jury to have been convicted beyond a reasonable doubt. I'm just having trouble understanding that. And I think what we're talking about here is some of the... is some of the tension of why Beeman doesn't quite fit or work in the framework of a substantive offense. I agree. Let me try it this way. So when the jury convicts of a 924C, they are required to find every fact of every element... every factual element of that offense. Of course, they find the possession of the gun, they find that it's connected with another predicate crime, and they find that the predicate crime is indeed committed. However, what they are not asked to find is why is that predicate crime, as a legal matter of statutory interpretation, qualified as a crime of violence? So I think that's why I would say you're not parsing a jury verdict when you do this Beeman test. To address Judge Newsom's question, the reason why it's still a historical inquiry is because that implicit legal determination happens over the course of the defendant's historical prosecution. It happens essentially from the day of their indictment until, at the latest, the date of their judgment and conviction at the conclusion of the criminal proceeding. So it is something that happens in the past, and that's why you have to look to the state of the law in the past to see if the district court indeed actually, as a factual matter, made that type of mistake. However, what I will say about Rivers, too, and I think this is important, is that the use of Rivers actually proves too much. Because if you're looking at present-day law, you couldn't ever apply the residual clause, either. The residual clause was struck down in Davis in 2019, well before Taylor invalidated our ability to use the elements clause as well. So when you talk about... it's almost nonsensical to say we're analyzing this from the state of present-day law, because then you can't consider whether the residual clause was relied on at all. I want to ask you another sort of question that isn't necessarily here or there, but I think it's worth talking about. Let's assume that we're in Grand Island, so we're past Beeman, we're past all of that. What do we make of the fact that there was acquittals for the drug counts, yet this is exactly the time of crime, almost to the T, literally to the letter, literally to the exact scheme and setup, as Foster and Granda and a number of other cases on these sting cases where we've essentially found that because it's all together, we can't find beyond a reasonable doubt that one was disaggregated from the other. One conviction was disaggregated from the other. Sure. So Granda, of course, has the two components, the procedural default half of it and the harmlessness half. I'm not talking about procedural default. I'm talking about the end. The harmlessness. Got it. So as a matter of policy, actually, the government waives those types of arguments in this context. I understand that. I'm asking the question. Sure. So what I would make of it is that there has... You know, we're applying the Brecht standard once we're in the harmlessness area, and so you need some substantial doubt that the verdict rested on those drug predicates. When we have convictions on the drug predicates, we have said those are inextricably... You, I should say, the court has said those are inextricably intertwined, and therefore there's no such substantial doubt about the integrity of the verdict. When you have the acquittals on those drug counts, we acknowledge and recognize there has to be that type of substantial doubt that the jury would have somehow acquitted on the substantive drug counts and yet convicted of the 924C relying on it. Do you agree that there are other circuits that have found sufficient evidence under 924C, even where there was an acquittal on the underlying substantive offense? Yes, and again, we're sort of untethered in this case because we have not made that argument, but I would say it would be somewhat case-by-case based on the evidence in the presentation and any indications from, you know, jury verdict... or jury questions in advance of the verdict whether we could make that argument. So I'm not saying it's categorically impossible, but I personally would be skeptical of it. That's just my own view. If this court has no further questions, I was going to talk about actually the application of the historical analysis to Mr. Fernandez, but I think that's been fully briefed, and especially in our Rule 20HA letters, I allude to the historical landscape at the time of his conviction. So I will rest on the briefs and our letters and respectfully ask the court to affirm the denial of Mr. Fernandez's 2255 motion. Thank you. Thank you, Mr. Wu. All right, we'll hear back from Mr. McDonald, and you've reserved five minutes. Thank you, Your Honor. I want to turn first to the discussion of Alvarado-Linares and to a couple of points that you raised, Judge Luck. You know, the first thing I want to talk about is this idea that... this statement in Alvarado-Linares that it's party presentation, and that's why they engaged in... even though they mentioned potentially looking back at historical fact, they engaged in the current analysis. And looking at the actual briefing there, and I'm talking about Docket Entry 65 in Alvarado-Linares, you have the appellant specifically talking about Georgia law in 2013. The government submitted a brief talking about Georgia law in 2013. That's at pages 7 and 8 of the government's supplemental letter brief and pages 11 and 12 of the appellant. So this whole idea of looking at Georgia law and how those predict... those Georgia violence and native racketeering predicates were considered then was in the briefing. So that statement in Alvarado-Linares just doesn't seem to comport with the actual record in the case. But in any event, what Alvarado-Linares did, it referenced two ways to look at this. It said that it could be done by, quote, finding... the question here could be resolved by findings of historical fact or by reference to legal principles alone. Presumably the record was silent. There were no findings of fact to be made. So it resorted to reference to legal principles alone. What were those legal... what was that legal principle? Applying the categorical approach to determine whether the predicates underlying the 924C qualified under the Elements Clause. In that case, they found that the predicates did. In this case, under that analysis, we know they didn't. It's already been done. That second part, so you could look to historical fact. And then the second part, what they said is you can look by reference to legal principles alone. That is, parsing the state of the law to determine whether the residual clause affected the conviction or sentence. Not affects, but affected. That, too, is past tense, isn't it? You know, I certainly take your point on that, Your Honor. It's... Alvarado-Linares is talking about looking back, but then it uses current law. There's no doubt that that's what... And you made that point during the government's presentation. And I absolutely understand Your Honor's point. And I think the holding that comes out of Alvarado-Linares, they applied the categorical approach, looking at principles, at cases, I think, Hyler and Thompson, that I think came from 2013, or from post-2013. They looked at case law, looking at Georgia's racketeering murder charges, and then they determined that these predicates did qualify. And that's the approach that they took. That's the binding precedent. It's applying the categorical approach. It's what the court did in Brown. And applying the categorical approach to this case, the question here is, we got in the door under Davis because of its invalidation of the residual clause, so we look to see if Mr. Fernandez still stands convicted of a crime. And the answer is indisputably no. The analysis is the legal principles alone are an application of the categorical approach. This court doesn't need to engage in that exercise with these two predicates. The Supreme Court's done it already in Taylor, and this court's done it in Brown. We know they don't qualify. We know that the residual clause can't be the basis. Elements clause cannot be the basis. It's a non-crime. Mr. Fernandez has been... There's no authorization for him to be serving the sentence from Congress. Let me ask you this question. Is there potentially some way through the Beeman Thicket for you that even if you accept the proposition that the so-called Beeman historical look-back analysis applies, that by virtue of rivers and cases like rivers, even if you look sort of historically, then the fiction of rivers, which we indulge, is that even at the time, these were not crimes. Like, even at this point in distant history, these were not crimes. Now, I'm not quite sure what you do, frankly, with the past tense language in Hamoud and Alvarado, but conceptually, it might be that rivers answers the historical question. I think that's correct, Your Honor. I think these were never crimes, and just because a court might have decided at that time that they were crimes, that doesn't make them so. In rivers, they talk about Patterson, which was the operative Supreme Court case that was being discussed there. It established that prior decisions of the courts of appeals that went the other way were incorrect, that a Supreme Court's determination of what a statute means is the definitive interpretation. It is what it means now. It's what it has always meant. See, I'm short on time. If there are no further questions,  vacate Mr. Fernandez's conviction. Thank you, counsel. Thank you very much.